Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL III

| El Pueblo De Puerto Rico **Apelado** V. Gregory Leon Mc Craney **Apelante** | TA2026AP00327 | *APELACIÓN* procedente del Tribunal de Primera Instancia, Sala Superior de Mayagüez <br><br> Civil. Núm. ISCR202500407 <br><br> Sobre: ART 127ª del Código Penal |
| --- | --- | --- |

Panel integrado por su presidente, el Juez Hernández Sánchez, el Juez Rivera Torres y el Juez Marrero Guerrero.

**Hernández Sánchez, Juez Ponente**

### SENTENCIA

En San Juan, Puerto Rico, a 7 de abril de 2026.

El 30 de marzo de 2026, el Sr. Gregory Leon Mc Craney (señor Leon o el apelante), compareció ante nos mediante *Apelación* y solicitó la revisión de una *Sentencia* que se dictó el 19 de febrero de 2026 y se notificó el 4 de marzo de 2026 por el Tribunal de Primera Instancia, Sala Superior de Mayagüez (TPI). Mediante el aludido dictamen, el TPI condenó al apelante a cumplir diez (10) años de cárcel más cinco (5) por reincidencia por el delito de maltrato a personas de edad avanzada consagrado en el Art. 127a de la Ley Núm. 146-2012, según enmendada, conocida como Código Penal de Puerto Rico, 33 LPRA sec. 5186a (Código Penal).

Por los fundamentos que expondremos a continuación, **desestimamos** el recurso por falta de jurisdicción por tardío.

I.

El 19 de febrero de 2019, el TPI dictó la *Sentencia* apelada. En esta, expresó que, ese mismo día, a saber, el 19 de febrero de 2019, comparecieron en corte abierta el Pueblo de Puerto Rico, representado por el fiscal Esteban Miranda Valentín y el apelante,

asistido de su abogado, el Lcdo. Ariel Gago Medina (licenciado Gago). Sostuvo que al apelante se le informó sobre la naturaleza del cargo en su contra, las alegaciones de su defensa y el veredicto emitido por el jurado. Asimismo, indicó que se le concedió la oportunidad al señor Leon de exponer cualquier causa legal que impidiera la imposición de la Sentencia. No habiéndose presentado causa legal alguna, y habiendo sido el apelante debidamente juzgado por el jurado, se le condenó a cumplir diez (10) años de cárcel más cinco (5) por reincidencia por el delito de maltrato a personas de edad avanzada consagrado en el Art. 127a del Código Penal, *supra*.

Inconforme con este dictamen, el 30 de marzo de 2026, el apelante presentó el recurso de epígrafe y formuló el siguiente señalamiento de error:

> **Erró el Honorable Tribunal de Primera Instancia al dictar sentencia bajo el fallo del Jurado cuando este es nulo al basarse la acusación en el art 127a del Código Penal, resolviendo el jurado el fallo bajo la ley 121-2019 y el Artículo 127a del Código Penal al resolver "nosotros el jurado constituyente entendemos que el Sr. Gregory Leon Mc Craney, luego de todas las pruebas presentadas y más allá de duda razonable violo la ley de personas envejecientes. Por unanimidad, basado y presentado en Art. 127A CP".**

Examinado el recurso que nos ocupa, y con el propósito de lograr el "más justo y eficiente despacho" del asunto ante nuestra consideración, prescindimos de términos, escritos o procedimientos ulteriores. Regla 7 (B)(5) del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, 215 DPR __ (2025).

II.

**-A-**

La jurisdicción es la autoridad que posee un tribunal para considerar y adjudicar determinada controversia o asunto. *Pérez López y otros v. CFSE*, 189 DPR 877, 882 (2013). La falta de jurisdicción trae consigo las consecuencias siguientes:

(a) no es susceptible de ser subsanada; (b) las partes no pueden voluntariamente conferírsela a un tribunal, como tampoco puede este arrogársela; (c) conlleva la nulidad de los dictámenes emitidos; (d) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; (e) impone a los tribunales apelativos el deber de examinar la jurisdicción del foro de donde procede el recurso; y (f) puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal motu proprio. *MCS Advantage v. Fossas Blanco et al.*, 211 DPR 135, 145 (2023).

A tono con lo anterior, nuestro Tribunal supremo ha expresado que los tribunales **"debemos ser celosos guardianes de nuestra jurisdicción", por lo que tenemos la indelegable labor de auscultarla, incluso cuando ello no se nos haya planteado**. (Énfasis nuestro). *Yumac Home v. Empresas Massó*, 194 DPR 96, 103 (2015). Así pues, "las cuestiones jurisdiccionales deben ser resueltas con preferencia, y de carecer un tribunal de jurisdicción lo único que puede hacer es así declararlo". *Pérez López y otros v. CFSE*, supra, pág. 883. Ello, ya que los tribunales no tenemos discreción para asumir jurisdicción donde no la tenemos. *Yumac Home v. Empresas Masso*, *supra*, pág. 103. Cuando este Foro carece de jurisdicción, procede la inmediata desestimación del recurso apelativo. *Freire Ruiz v. Morales Román*, 2024 TSPR 129, 214 DPR ____ (2024).

Por otra parte, un recurso presentado prematura o tardíamente priva insubsanablemente de jurisdicción y autoridad al tribunal ante el cual se recurre para atender el asunto, caso o controversia. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 98 (2008). Estos tipos de recursos carecen de eficacia y no producen ningún efecto jurídico, pues, al momento de su presentación, su naturaleza prematura o tardía hace que el foro apelativo no tenga autoridad alguna para acogerlo. Íd. Conforme a lo que antecede, este Tribunal de Apelaciones puede desestimar, *motu proprio*, un recurso prematuro o tardío por carecer de jurisdicción. Regla 83 (B) (1) y (C) del Tribunal de Apelaciones, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, 215 DPR ____ (2025).

**-B-**

Las Reglas 193 a la 217 de Procedimiento Criminal, 34 LPRA Ap. II, R. 193-217, establecen el procedimiento que rige la tramitación de un recurso de apelación en materia criminal, desde su presentación ante el Tribunal de Primera Instancia, su consideración por el Tribunal de Apelaciones, y su eventual revisión ante el Tribunal Supremo de Puerto Rico. En lo pertinente a este caso, la Regla 194 de Procedimiento Criminal, 34 LPRA Ap. II, R. 194, dispone que:

> La apelación se formalizará presentando un escrito de apelación en la secretaría de la sala del Tribunal de Primera Instancia que dictó la sentencia o en la secretaría del Tribunal de Circuito de Apelaciones, **dentro de los treinta (30) días siguientes a la fecha en que la sentencia fue dictada**, pero si dentro del indicado período de treinta (30) días se presentare una moción de nuevo juicio fundada en las Reglas 188(e) y 192, el escrito de apelación podrá presentarse dentro de los treinta (30) días siguientes a aquél en que se notificare al acusado la orden del tribunal denegando la moción de nuevo juicio. (Énfasis suplido.)

Por su parte, las Reglas 23 a la 30 del Reglamento del Tribunal de Apelaciones, *In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 42, 215 DPR ____ (2025), gobiernan el trámite de las apelaciones de sentencia en casos criminales ante el Tribunal de Apelaciones. En cuanto al término para presentar una apelación de una sentencia final en un caso criminal, la Regla 23 (A) del Reglamento del Tribunal de Apelaciones, *supra,* también concede un término de treinta (30) días desde que se dictó la misma. El referido inciso, dispone lo siguiente:

> La apelación de cualquier sentencia final dictada en un caso criminal originado en el Tribunal de Primera Instancia se **presentará dentro del término de treinta (30) días siguientes a la fecha en que la sentencia haya sido dictada. Este término es <u>jurisdiccional</u>**, pero si dentro del término indicado se presentare una moción de nuevo juicio fundada en las Reglas 188 (e) y 192 de Procedimiento

Criminal, o una moción de reconsideración fundada en la Regla 194 de Procedimiento Criminal, según enmendada, el escrito de apelación podrá presentarse dentro de los treinta (30) días siguientes a aquél en que se notificare al acusado (a) la orden del tribunal denegando la moción de nuevo juicio o adjudicando la moción de reconsideración." (Énfasis y subrayado suplido.)

III.

Es harto sabido que las cuestiones relativas a la jurisdicción de un tribunal para atender ciertas controversias deben resolverse con preferencia. Por consiguiente, de entrada, resolvemos que este Tribunal de Apelaciones carece de jurisdicción para atender la controversia que nos ocupa.

Recordemos que conforme a la Regla 194 de Procedimiento Criminal, *supra*, una apelación se formalizará presentando un escrito de apelación dentro de los treinta (30) días siguientes a la fecha en que **se dictó la sentencia apelada**. Además, la Regla 23 (A) de nuestro reglamento, *supra*, también concede treinta (30) días siguientes a la fecha **en que se dictó la sentencia** para presentar el recurso de apelación y añade que se trata de un término jurisdiccional.

Del expediente del caso se desprende que el TPI dictó la *Sentencia* apelada el **19 de febrero de 2026** en corte abierta, con la comparecencia del señor Leon y su representación legal, el licenciado Gago. Por lo tanto, según dispone la Regla 23 (A) de nuestro reglamento, *supra*, el término jurisdiccional de treinta (30) días para que el apelante presentara su recurso de apelación vencía el **24 de marzo de 2026**. Sin embargo, el señor Leon presentó su recurso el **30 de marzo de 2026**, es decir, seis (6) días después de vencer el término jurisdiccional dispuesto para ello.

Dicho lo anterior, es evidente que el escrito de apelación fue presentado de manera tardía. Un recurso presentado de forma tardía priva insubsanablemente al foro revisor de jurisdicción y

autoridad para considerar el caso. Tales recursos no producen efecto jurídico alguno. *Torres Martínez v. Torres Ghigliotty*, supra, pág. 98. En armonía con lo anterior, este Tribunal puede desestimar *motu propio* un recurso prematuro o tardío por falta de jurisdicción. *Freire Ruiz v. Morales Román*, supra. En consecuencia, procede decretar la desestimación inmediata del caso que nos ocupa por falta de jurisdicción.

## IV.

Por los fundamentos antes esbozados, ***desestimamos*** el recurso por falta de jurisdicción debido a su presentación tardía.

Notifíquese.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones